JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Jessie Bentley, waived a trial by jury and entered a plea of guilty to one count of robbery, a violation of R.C. 2911.02 and a felony of the second degree. The trial court imposed a two-year sentence upon Bentley. Bentley claims in his appeal that his plea was not made knowingly, intelligently, and voluntarily because the trial court failed to comply with Crim.R. 11. We disagree.
Crim.R. 11 mandates that the trial court inform a defendant who enters a guilty plea of the following:(1) that the defendant is waiving his right to a jury trial; (2) that the defendant is waiving his right to call and confront witnesses; (3) that the state is not required to prove the defendant's guilt beyond a reasonable doubt; (4) what the maximum penalty is for the charged offense; (5) whether the defendant is eligible for probation or community control; and (6) that, based upon the court's acceptance of the plea, the court may proceed immediately with sentencing. See Crim.R 11(C)(2). The rule also requires that the trial court make a determination that the defendant's plea is being made voluntarily. See id.
The record reflects full compliance with Crim.R. 11. Although Bentley may have thought that he would be sent to the River City Correctional Center rather than to prison, there is nothing about that belief that makes his plea involuntary. The record is quite clear that Bentley was not even eligible for admission into the River City Correctional Center. Therefore, we overrule Bentley's assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.